35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James F. KALLAS, Plaintiff-Appellant,
v.
CHICAGO BOARD OF EDUCATION, et al., Defendants-Appellees.
 No. 92-4064.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 14, 1994.*
Decided Sept. 8, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judge.
 
 ORDER
 
 1
 James F. Kallas seeks a reversal of the district court's grant of summary judgment on counts I and II in favor of the defendants, the Chicago Board of Education, McKinley Brister, Ann Swilley, and Dr. Edward Oliver, and the dismissal without prejudice of counts III and IV. In counts I and II, Kallas alleged that the defendants discriminated against him on the basis of his race, in violation of Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e, et seq., and his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. (ADEA). In counts III and IV Kallas brought state claims of defamation and intentional infliction of emotional distress. We affirm.
 
 
 2
 Kallas, a white man in his fifties, taught automobile maintenance class in Chicago public high schools from 1965 through 1989. He claims that in late 1985 the Board of Education and the defendant administrators, each of whom is black, began to harass and discriminate against him on the basis of his race and age. According to Kallas, the defendants deprived him of needed teaching materials, criticized him in front of his students, failed to publicly acknowledge his students' accomplishments, subjected him to poor working conditions, and finally declared him a "supernumerary teacher." A supernumerary teacher is one whose services are no longer required at a particular school because of a decrease in student enrollment or a change in subject requirements. 105 ILCS 5/34-1.1 (1994) (replacing the term "supernumerary" with "reserve"). Kallas further alleges that despite vacancies at other schools, the defendants failed to reassign him to another teaching position.
 
 
 3
 Despite the volumes of documents submitted by Kallas, we agree with the district court that he has failed to establish a violation of Title VII or the ADEA. Where, as here, the party opposing a motion for summary judgment bears the burden of proof on a dispositive issue, he may not rest on mere allegations but must offer specific evidence demonstrating a factual basis on which he is entitled to relief. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).
 
 
 4
 In this case, Kallas's first burden was that of establishing by a preponderance of the evidence a prima facie case of discrimination on the basis of race or age. St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2747 (1993); Texas Dep't. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). He therefore was required to offer specific evidence that he is a member of a protected class, he satisfactorily performed his duties, he was harassed (or discharged), and others were treated differently (or he was replaced). McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Shager v. Upjohn Co., 913 F.2d 398, 400 (7th Cir.1990); Jones v. Jones Bros. Const. Corp., 879 F.2d 295, 299 (7th Cir.1989).
 
 
 5
 The evidence offered by Kallas suggests that indeed he may have been treated poorly; in his deposition Kallas testified that he was required to work with inadequate supplies, he was publicly criticized, his achievements went unacknowledged and he was required to work long hours without breaks. However, the evidence does not support a conclusion that Kallas received such treatment for discriminatory reasons. Although Kallas claims that other non-white and young teachers received better treatment than he did, he has offered no specific evidence to support his allegations.
 
 
 6
 Nor has Kallas offered specific evidence to support his claim that he was declared a supernumerary teacher for discriminatory reasons. The evidence establishes that Kallas's position was eliminated entirely. There is nothing to suggest that he was replaced by a non-white or young teacher. Kallas may disagree with the Board of Education's conclusion that because student enrollment in automobile maintenance class was low the class should not be offered. However, federal courts do not have authority under the laws prohibiting discrimination to second guess such administrative decisions. We therefore conclude that Kallas failed to establish with specific evidence a prima facie showing that he was harassed and declared a supernumerary teacher for discriminatory reasons.
 
 
 7
 On the other hand, Kallas did establish a prima facie case of discrimination with respect to his claim that the Board of Education failed to reassign him to positions available at other schools. Kallas testified at his deposition that after he was declared a supernumerary teacher he was only permitted to apply for some of the teaching positions that were available. The other openings, he was told, were reserved for non-whites. These facts support a prima facie case of racial discrimination.
 
 
 8
 The defendants do not dispute that Kallas's race was taken into account when he was considered for available positions. Rather, they offer the justification that they are required under the "Plan to Implement the Provisions of Title VI of the Civil Rights Act of 1964" to maintain a racially diverse faculty. Collective Bargaining Agreement Sec. 42-3. The defendants have therefore articulated a "nondiscriminatory" rationale for their conduct. Johnson v. Transp. Agency, Santa Clara Cty., Cal, 480 U.S. 616, 626-27 (1987); Janowiak v. Corporate City of South Bend, 836 F.2d 1034, 1036-37 (7th Cir.1987), cert. denied, 489 U.S. 1051 (1989). Consequently, to defeat the defendants' motion for summary judgment Kallas was required to prove that the affirmative action plan was pretextual and invalid. Johnson, 480 U.S. at 626 ("If such a plan is articulated as the basis for the employer's decision, the burden shifts to the plaintiff to prove that the employer's justification is pretextual and the plan is invalid."); Janowiak, 836 F.2d 1036; see also McDonnell Douglas Corp., 411 U.S. at 802-03. He made no attempt to do so. We therefore conclude that Kallas cannot establish a violation of Title VII or the ADEA and affirm the district court's grant of summary judgment on counts I and II.
 
 
 9
 Having eliminated Kallas's federal claims prior to trial, we must relinquish jurisdiction over his state law claims--counts III and IV--in accordance with the rule that requires this result with immaterial exceptions. 28 U.S.C. 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715 (1966); Wright v. Associated Insurance Co., No. 93-3619, slip op. at * 17-21 (7th Cir. July 21, 1994).
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Kallas has filed such a statement. After considering that statement, we deny the request for oral argument and decide the appeal on the briefs and record